Filed 6/23/25  P. v. Houston CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B338494 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA133901) |
| v. | |
| RAY B. HOUSTON III, | |
| Defendant and Appellant. | |

THE COURT:

Ray B. Houston III (defendant) appeals his conviction of felony false imprisonment by violence (Pen. Code,[1] §§ 236, 237) and misdemeanor battery (§ 242).  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) identifying no issues.  On April 1, 2025, we notified defendant of

---

[1] Undesignated statutory references are to the Penal Code.

his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered. That time has elapsed, and defendant has submitted no brief or letter. We have reviewed the entire record and, finding no arguable issues, affirm the judgment.

In an initial information, defendant was charged with assault with a deadly weapon (§ 245, subd. (a)(1)) and kidnapping (§ 207, subd. (a)). As to all counts, it was further alleged that defendant had suffered three prior "strike" convictions (§§ 667, subd. (d), 1172.1, subd. (b)). On December 11, 2023, following the filing of a section 995 motion by defendant, the assault with a deadly weapon count was dismissed, and the misdemeanor battery count was added to an amended information. On December 15, 2023, the trial court instructed the jury on felony false imprisonment by violence as a lesser included offense to the kidnapping charge.

The jury found defendant not guilty of kidnapping but guilty of false imprisonment by violence and of misdemeanor battery. The trial court denied a *Romero* motion[2] to strike prior convictions, found one prior strike true, as admitted by defendant, and found three aggravating factors true under California Rules of Court, rule 4.421. The trial court sentenced defendant to a total of six years in state prison, consisting of three years for the false imprisonment by violence conviction, doubled due to the prior strike. As to the misdemeanor battery conviction, defendant was sentenced to 180 days, with credit for time served. Defendant filed a timely notice of appeal from the judgment.

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

The evidence at trial showed that on the afternoon of September 21, 2023, in the City of West Covina, defendant put gas in his vehicle. The manager of the gas station saw him move the vehicle to another part of the parking lot and, while defendant was standing outside of the parked vehicle, use a belt to hit a woman who was inside the vehicle. The woman tried to get out of the vehicle, while defendant swung at her with the belt buckle and said, "Get the fuck back in the car." At one point, the woman was able to exit the vehicle and attempted to run, but defendant eventually forced her back inside. Around the same time, another witness saw the victim lying on the sidewalk, and defendant pulling her and forcing her back inside the vehicle.

The police responded to a 9-1-1 call and located the vehicle in the parking lot of a nearby business. Defendant and the victim were near the vehicle, and defendant was pulling on the victim's arms. When approached, the victim—who was wearing unusually skimpy and revealing clothing—was crying and distraught, and she had a welt on the front of her right leg. Defendant attempted to flee from the approaching officer but was apprehended. Defendant was 32 years older than the victim and was found to have $540 in 20-dollar bills in his pocket. The gas station manager identified defendant in a field showup.

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issue exists. (*Wende, supra*, 25 Cal.3d at p. 441.) We conclude that defendant has, by virtue of counsel's compliance and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (See *Smith v. Robbins* (2000) 528 U.S. 259, 278 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.     ASHMANN-GERST, J.     RICHARDSON, J.